UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Groves Incorporated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>R.C. Bremer Marketing Associates Inc. et al.,<br><br>　　　　Defendants. | Case No. 3:22-cv-50154<br><br>Honorable Iain D. Johnston |

MEMORANDUM OPINION AND ORDER

Plaintiff Groves Incorporated brings this action against a slew of defendants, including its former Senior Vice President of Operations, Julie O'Toole Cordes, alleging that she was involved in a scheme against the company that saw her misappropriate its trade secrets, defame it, tortiously interfere with its contracts, and generally violate her fiduciary duties. She moves for a stay under the doctrine of *Colorado River* abstention because Groves has a concurrent suit pending in Illinois state court. For the following reasons, the motion for a stay is granted.

**I. Background**

Groves is a wholesaler of "certain equipment supporting the fire and safety industries." Dkt. 191 ¶ 19. In late 2021, two of its high-ranking employees—Cordes, and its president, Brent Hostler—left the company for one of its competitors, the Circul-Air Corporation. *Id.* ¶ 62. For now, it suffices to say Groves alleges that behind their departures was a conspiracy—involving the employees themselves and

1

R.C. Bremer, a company that worked as Groves' sales agent—to steal Groves' trade secrets and put it out of business before they left for Circul-Air, *id.* ¶¶ 7, 50; *id.* at 16—the particular allegations are discussed in more detail below.

Groves filed suit against Cordes in state court in McHenry County, Illinois, on April 8, 2022; the operative complaint in that case contains one count alleging that she violated her fiduciary duties to Groves. Dkt. 198 Ex. 1, 2. The complaint in this case was filed on May 16, 2022. Dkt. 1.

## II. Legal Standard

Abstention is the exception when a federal court has jurisdiction. *DePuy Synthes Sales, Inc. v. OrthoLA, Inc.*, 953 F.3d 469, 475 (7th Cir. 2020). Nevertheless, under a "narrow set of circumstances" federal suits should "yield" to parallel state suits. *Id.* (glossing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). Such abstention is appropriate when (1) the concurrent actions are parallel and, if so, (2) exceptional circumstances exist. *Tyrer v. City of South Beloit*, 456 F.3d 744, 751 (7th Cir. 2006).

## III. Analysis

### A. Claim splitting is inapplicable

Cordes first argues that this suit involves impermissible claim splitting. That doctrine, however, is not applicable: it may only be invoked when a pending suit is "duplicative of a parallel action already pending in *another federal court*." *Scholz v. United States*, 18 F.4th 941, 951 (7th Cir. 2021) (emphasis added).[1] It is a

---

[1] An aspect of *res judicata* that forbids bringing the same claim *seriatim* under different legal theories is also referred to as "claim splitting." *See, e.g., Carr v. Tillery*, 591 F.3d 909,

discretionary doctrine of intra-federal docket management that does nothing to forbid concurrent state and federal litigation. *See id.*; *see also Colorado River*, 424 U.S. at 809 ("There is no irreconcilability in the existence of concurrent state and federal jurisdiction.").

### B. *Colorado River* abstention is warranted

Secondly, Cordes argues that under *Colorado River*, this action should be stayed pending resolution of the state court proceeding in McHenry County.

*i. The suits are parallel*

A suit is parallel when it involves "substantially the same parties [] contemporaneously litigating substantially the same issues" in another forum. *Clark v. Lacy*, 376 F.3d 682, 686 (7th Cir. 2004). A "substantial likelihood that the state litigation will dispose of all claims presented in the federal case" shows that the concurrent suits are parallel. *Id.*

Because it appears that the suits involve the same claim, such that the preclusive effect of the state action, if it were first to reach judgment, would dispose of this action, they are parallel for purposes of *Colorado River*. *See* 17A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4247 (5th ed. 2024) ("The expectation when the fourth type of abstention is invoked is that the controversy will be resolved in the state court proceeding, and that if the party returns to federal court after the state court action is over, the most that will be

---

913 (7th Cir. 2010) ("You cannot maintain a suit, arising from the same transaction or events underlying a previous suit, simply by a change of legal theory."). That doctrine is likewise inapplicable here, as there is no final judgment in another suit.

3

needed is to dispose of the federal suit on principles of res judicata or collateral estoppel.").

Federal courts must afford the judgments of state courts "the same full faith and credit . . . as they have by law or usage in the courts of such State." 28 U.S.C. § 1738. Thus Illinois' law of preclusion governs the preclusive effect of the judgments of its courts. *Svendsen v. Pritzker*, 91 F.4th 876, 878 (7th Cir. 2024). Illinois law requires an identity of both (1) cause of action and (2) parties for claim preclusion to apply. *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 302 (1998).

As for when an identity of cause of action exists, Illinois has adopted the Restatement (Second) of Judgments' "transactional" approach. *Id.* at 310-11. What constitutes a transaction is determined "pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." Restatements (Second) of Judgments § 24(2) (Am. L. Inst. 1982).

Both identities obtain. There is undoubtedly an identity of parties; in both actions, Groves sues Cordes. And under the transactional approach, there is also an identity of cause of action.

The state-court complaint alleges Cordes breached her fiduciary duties with respect to Groves by "conspir[ing] with other [Groves] senior leadership" to overpay themselves, and by providing "sweetheart" deals to certain vendors, including

4

Circul-Air. Dkt. 198 Ex. 2 at 2-5. The complaint in this suit enumerates several legal theories that would underpin a recovery against Cordes for, among other things, giving R.C. Bremer access to proprietary information "for the benefit of" Groves' competitor, Circul-Air; defaming Groves to "divert [its] customers" to Circul-Air; and "collud[ing]" with Hostler to "cause Groves to lose a critical supplier and cause that supplier to commence a relationship" with Circul-Air. Dkt. 191 ¶¶ 7, 116, 120, 128.

Groves asserts that the object of Cordes' conspiracy was to "enrich" herself and end Groves as a "going concern" so she could jump ship to Circul-Air, which would consequently enjoy a "competitive advantage." *See* Dkt. 191 at 16, ¶ 128; Dkt. 218 at 6. This framing of the case militates in favor of treating the suits as involving a single transaction. If the same motivation underlies all the wrongful acts described in the two complaints—as Groves itself suggests—there is likely to be substantial overlap in the evidence that would be presented in the two suits. *River Park*, 184 Ill.2d at 311 ("Of course, under the transactional analysis, the nature of the evidence needed to prove the claims at issue remains relevant for purposes of demonstrating that the claims arise from the same group of operative facts.").

Cordes, Hostler, and those whom they contacted at Circul-Air and R.C. Bremer will certainly be deposed in both cases. *See Tyrer*, 456 F.3d at 752. And any documentary evidence showing that Cordes or Hostler communicated with Circul-Air and reached some understanding about their future employment would be crucially important, making all the particular wrongful acts alleged in support of

5

liability more probable. *See* Fed. R. Evid. 401. Further, all the acts alleged took place in the waning days of Cordes' employment with Groves, which suggests unities of both time and location. Combined, these factors would tend to produce a convenient trial unit, so treating the two suits as involving the same transaction is thus warranted.

Illinois law demands that a final judgment by one of its courts as to this transaction extinguish all Groves' remedial rights against Cordes. Restatement (Second) of Judgments § 24(1). Such a judgment would therefore dispose of the claim brought in this suit—as it is the same claim—so *Colorado River*'s parallelism requirement is met.

*ii. The exceptional circumstances inquiry counsels in favor of abstention*

The cases identify ten factors—no one of which is determinative, *Tyrer*, 456 F.3d at 754-55—that can give rise to the exceptional circumstances required for abstention to be appropriate. These factors are:

> 1) whether the state has assumed jurisdiction over property;
> 2) the inconvenience of the federal forum;
> 3) the desirability of avoiding piecemeal litigation;
> 4) the order in which jurisdiction was obtained by the concurrent forums;
> 5) the source of governing law, state or federal;
> 6) the adequacy of state-court action to protect the federal plaintiff's rights;
> 7) the relative progress of state and federal proceedings;
> 8) the presence or absence of concurrent jurisdiction;
> 9) the availability of removal; and
> 10) the vexatious or contrived nature of the federal claim.

*Id.* at 754.

Taking each in turn:

1. *Jurisdiction over property*. Both actions are *in personam* rather than *in rem*, so this factor does not counsel in favor of abstention.

2. *Inconvenience of the federal forum*. Cordes argues that this factor favors abstention because the state forum is closer to Groves' principal place of business, and Groves does not contest this assertion. Dkt. 198 at 7. Although the additional convenience of the state forum is slight, this factor marginally counsels in favor of abstention.

3. *Desirability of avoiding piecemeal litigation*. The two suits involve the same transaction, as has been discussed. They will thus necessarily involve similar discovery matters and the consideration of "similar issues, evidence, and witnesses." *Freed v. J.P. Morgan Chase Bank, N.A.*, 756 F.3d 1013, 1022 (7th Cir. 2014) (cleaned up). The attendant waste and potential for inconsistent rulings counsel strongly in favor of abstention. *Id.*

4. *Order in which jurisdiction was obtained*. The state-court suit was filed in April 2022, while this suit was filed in May of the same year. This counsels slightly in favor of abstention.

5. *Source of governing law*. All but one of Groves' legal theories supporting a recovery identify state-law causes of action. The weight of the case will likely be litigated on the state law issues, which would favor abstention; at worst, this factor is neutral.

6. *Adequacy of state-court action to protect plaintiff's rights*. Groves appears to be a citizen of Illinois, *see* Dkt. 191 ¶ 19, and chose to file suit first in an Illinois court. *Freed*, 756 F.3d at 1022. This counsels in favor of abstention.

7. *Relative progress of state and federal proceedings*. Cordes represents that the state-court proceeding is slightly further along than this suit (as she has answered the complaint there), Dkt. 218 at 9, and Groves does not contest this; this factor therefore counsels slightly in favor of abstention.

8. *Presence of concurrent jurisdiction*. All the claims are equally available in state and federal courts. This counsels in favor of abstention. *Freed*, 756 F.3d at 1023.

9. *Availability of removal*. The state-court action could not be removed because there does not appear to be diversity of citizenship. *See* Dkt. 191 ¶¶ 19, 32. This counsels in favor of abstention.

10. *Vexatious or contrived nature of the federal claim*. When there is no reason why all the claims and parties could not have been included in the original state court proceeding, this factor weighs in favor of abstention. *Freed*, 756 F.3d at 1024. Groves identifies no reason that would have prevented it from doing so; this factor therefore supports abstention.

\*   \*   \*

Having considered all these factors—almost all of which favor abstention[2]—the Court concludes that abstention is appropriate.

## IV. Conclusion

For the foregoing reasons, Cordes' motion to stay is granted. The parties shall file a report on the status of the state-court suit by 7/11/2024.

Date: April 11, 2024

_____
Honorable Iain D. Johnston
United States District Judge

---

[2] The Court is cognizant that "neutral factors weigh in favor of exercising jurisdiction." *Huon v. Johnson & Bell, Ltd.*, 657 F.3d 641, 648 (7th Cir. 2011). The balance of the factors nevertheless favors abstention.

9