UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Groves Incorporated, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) No. 22 CV 50154 |
| | ) Judge Iain D. Johnston |
| R.C. Bremer Marketing Associates, et al., | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

### INTRODUCTION

This Court attracts Rule 37(e) motions like chum attracts sharks. (So—yes—in this simile, the Court is fish guts and fish heads.)[1] This Court has been presented with Rule 37(e) motions at various stages of an action. It has received spoliation motions during discovery. *Snider v. Danfoss*, 15 CV 4748, 2017 U.S. Dist. LEXIS 167591 (N.D. Ill. Jul. 12, 2017). Allegations of spoliation have been made in the middle of summary judgment briefing, requiring the briefing to be stayed while the spoliation issue could be resolved. *DR Distribs., LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839 (N.D. Ill. 2021). It has received Rule 37(e) motions in the form of a motion *in limine* after the issue was raised during summary judgment. *Hollis v. Ceva Logistics U.S., Inc.*, 603 F. Supp. 3d 611 (N.D. Ill. 2022). And, in the middle of trial, a party even requested for the first time an adverse inference jury

---

[1] For people in a particular age range, "fish heads" will immediately cause recall of a certain music video. Demented Punk, *"Fish Heads" Barnes & Barnes (OFFICIAL VIDEO - BEST QUALITY)*, YouTube (Aug. 30, 2019), https://www.youtube.com/watch?v=n9TNcI7eUXY. And, for that, the Court sincerely apologizes.

1

instruction under Rule 37(e) for the spoliation of electronically stored information (ESI). *Kirchoff v. Chem Processing*, No. 20 CV 50242, 2021 U.S. Dist. LEXIS 33022 (N.D. Ill. Feb. 19, 2021).[2] This current motion is just the latest. And another fully briefed Rule 37(e) motion is on the Court's to-do list.

This is a hotly contested case. The case has already generated nearly 300 docket entries. Three of those entries relate to this motion. Groves Incorporated filed a spoliation motion against Christopher Shepperd, one of many defendants. Dkt. 255. Shepperd has responded. Dkt. 265. And Groves has replied. Dkt. 268. So, the motion is now fully briefed.[3]

---

[2] Raising Rule 37(e) issues or any spoliation issue for the first time during trial is far from best practices. Doing so begs for the motion to be denied as untimely. *Olson v. Shawnee County Bd. of Comm'rs*, 7 F. Supp. 3d 1162, 1199 (D. Id. 2014) ("'[A] party who fails to raise the issue of spoliation sanctions prior to or within the final pretrial order has waived the issue absent an explanation for the delay.'"); *Permasteelisa CS Corp. v. Airolite Co., LLC*, No. 06-cv-569, 2008 U.S. Dist. LEXIS 109329, at *8 (S.D. Ohio June 18, 2008) ("In this case, where Plaintiff mentioned nothing of the spoliation issue in the Final Pretrial Order or at the Final Pretrial Conference, and where Plaintiff has offered absolutely no explanation for waiting until just one week before trial to bring this matter to the Court's attention, the Court finds that Plaintiff has waived the issue."). Final pretrial orders frame the issues for trial. *Minemyer v. R-Boc Reps., Inc.*, 283 F.R.D. 392, 397–98 (N.D. Ill. 2012). These orders may only be modified to prevent manifest injustice. Fed. R. Civ. P. 16(e). So, if the spoliation issue is not contained in the final pretrial order, it is very likely waived. *Minemyer*, 283 F.R.D. at 397–98. Indeed, the Sedona Principles provide an illustration of waiving ESI issues by failing to raise them until "[s]hortly before trial." The Sedona Conf., *The Sedona Principles, Third Edition: 14, Comment 14.c, Illustration I*, 19 SEDONA CONF. J. 1, 194 (2018).

[3] Strangely, in places, the parties take certain positions regarding Rule 37(e), ignoring the Court's previous extensive decisions concerning Rule 37(e) motions. *See, e.g., Hollis v. Ceva Logistics U.S., Inc.*, 603 F. Supp. 3d 611 (N.D. Ill. 2022); *DR Distribs., LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839 (N.D. Ill. 2021); *Snider v. Danfoss, LLC*, No. 15 CV 4748, 2017 U.S. Dist. LEXIS 167591 (N.D. Ill. July 12, 2017). No doubt, the parties are not ethically bound to cite this Court's prior decisions regarding Rule 37(e) and this Court's orders are not precedential. But one would think that rather than completely ignoring this Court's orders directly on point and citing other district court decisions—which are likewise not precedential—the parties would at least address these decisions and attempt to distinguish them. *See Walker v. Spina*, 359 F. Supp. 3d 1054, 1066 n.3 (D.N.M. 2019) ("One

But the case is still proceeding with expert discovery, as well as a couple of depositions of fact witnesses. Dkt. 279. No date has been set for summary judgment motions, and no trial date has been set. The Court appreciates Groves timely informing the Court of the spoliation issue. However, to paraphrase Inspector Clouseau, now is not the time to be filing a spoliation motion. The motion is denied without prejudice.

The Court takes this opportunity to address the timing of filing spoliation motions seeking sanctions. Spoliation motions can be filed too early. And they can be filed too late. As shown in this order, there's a sweet spot when the filing of the spoliation motion is just right. But determining that sweet spot will vary depending on the specific facts presented as well as the judge who decides the motion. The best way to find that sweet spot is "to have a conversation"—in the words of one of the Court's former law clerks.[4] Notify the court and opposing counsel as soon as possible about a spoliation concern and calmly and professionally talk to them about the most reasonable and best options to address the concern.

Fair enough, Groves raised its concerns with Magistrate Judge Schneider through multiple motions to compel, which were generally granted. As a result, a

---

of the things that consistently amazes the Court is the unwillingness of modern lawyers to tailor their briefing to the particular judge before whom they argue. The Court still gets briefings filled with citations to other district cases, even though it has written opinions more directly on point. * * * There is nothing wrong—and a lot right—with our colleagues in other states, but it mystifies the Court why lawyers continue not to research and know the judge before whom they are practicing."). The filings also cite to and rely upon multiple cases that pre-date the 2015 amendments to Rule 37(e). Those cases are of extremely limited value.

[4] A shout out to Grayson Wells is deserved here.

forensic examination was completed that provided fairly damning information against Shepperd, which in retrospect gives color to possible reasons for Shepperd's foot-dragging in discovery. But, as far as the Court can tell, nobody addressed with Magistrate Judge Schneider the best way and best time to raise Groves' requested relief for an adverse inference instruction due to alleged spoliation of ESI. Certainly, nobody raised the best way and best time to seek this relief with the undersigned, before whom the motion is pending.

The Court recognizes that some counsel view assertions of spoliation as a declaration of war. That's understandable. Spoliation is a serious allegation that should not be thrown around lightly. *Phoenix Process Equip. Co. v. Capital Equip. & Trading Co.*, No. 16-CV-24, 2022 U.S. Dist. LEXIS 140668, at *2 n.1 (W.D. Ky. Jul. 18, 2022). But litigation is not high tea at the Savoy. *In re Marriage of Adler*, 271 Ill. App. 3d 469, 474 (1st Dist. 1995). So, if there's a legitimate concern about spoliation rooted in fact and law, then counsel should raise it with opposing counsel immediately and then fairly and accurately convey the parties' discussion about the concern with the court at the next opportunity. Of course, all counsel are duty bound to promptly notify opposing counsel and the court when they have learned that relevant evidence has been spoliated. *See DR Distribs.*, 513 F. Supp. 3d at 905–06; *see also Donoforio v. IKEA US Retail, LLC*, Nos. 19-1286, 18-599 and 19-723, 2024 U.S. Dist. LEXIS 81853, at *50–51 (E.D. Pa. May 6, 2024); Phil Favro, *New Federal Cases Spotlight 2021's Key Trends in E-Discovery*, Law.com (May 13, 2021).

Again, to be fair to Groves, it raised its legitimate concerns about spoliation with Magistrate Judge Schneider in a timely manner. As to whether Groves and Magistrate Judge Schneider were promptly notified that the emails were "not accessible," the Court has its doubts. Nevertheless, the undersigned was unaware of the motion's request for a permissive adverse inference instruction until after the motion was fully briefed and made its way to the top of a very long motions list.

## PROPER TIMING OF SPOLIATION MOTIONS

Much ink has been spilled addressing tardy spoliation motions.[5] On the flip side, courts have also addressed premature spoliation motions.[6] This order addresses the best time to file spoliation motions.

---

[5] *See, e.g.*, *Freedman Normand Friedland, LLP v. Cryulink*, No. 21-cv-1746, 2024 U.S. Dist. LEXIS 91321, at *6–7 (S.D.N.Y. May 21, 2024); *Pratt v. Robbins*, No. 20-cv-170, 2024 U.S. Dist. LEXIS 11100, at *5–7 (W.D.N.C. Jan. 22, 2024); *Atanassoova v. GM LLC*, No. 20-cv-1728, 2023 U.S. Dist. LEXIS 54619, at *7–10 (D.S.C. Mar. 28, 2023); *Gruenstein v. Browning*, No. 17-cv-2328, 2022 U.S. Dist. LEXIS 148542, at *7–10 (N.D. Ill. June 21, 2022); *Wine Educ. Council v. Ariz. Rangers*, No. CV 19-2235, 2021 U.S. Dist. LEXIS 151140, at *5-7 (D. Ariz. Aug. 11, 2021); *Mahboob v. Educ. Credit Mgmt. Corp.*, No. 15-cv-628, 2021 U.S. Dist. LEXIS 38309, at *4-5 (S.D. Cal. Mar. 1, 2021); *Larios v. Lunardi*, 442 F. Supp. 3d 1299, 1305–06 (E.D. Cal. 2020); *Mannion v. Ameri-Can Freight Sys.*, No. CV-17-3262, 2020 U.S. Dist. LEXIS 12695, at *9–11 (D. Ariz. Jan. 27, 2020); *Wakefield v. ViSalus, Inc.*, No. 15-cv-1857, 2019 U.S. Dist. LEXIS 52557, at *7–9 (D. Or. Mar. 27, 2019); *Sherwood v. BNSF Ry. Co.*, No. 16-cv-8, 2019 U.S. Dist. LEXIS 33378, at *5–7 (D. Idaho Mar. 1, 2019); *Olson v. Shawnee Cnty. Bd. of Comm'rs.*, 7 F. Supp. 3d 1162, 1199 (D. Kan. 2014); *see also* Robert Adler, *When the Timing of Your Spoliation Motion Can Be as Important as Its Substance*, JDSupra (April 23, 2024).

[6] *See, e.g.*, *Ol Priv. Couns., LLC v. Olson*, No. 21-cv-455, 2024 U.S. Dist. LEXIS 81502, at *16 (D. Utah May 3, 2024); *Playup, Inc. v. Mintas*, No. 21-cv-2129, 2024 U.S. Dist. LEXIS 21370, at *4–5 (D. Nev. Feb. 6, 2024); *Sanchez v. Silbaugh*, No. 20-1005, 2023 U.S. Dist. LEXIS 227225, at *5 (W.D. Pa. Dec. 21, 2023); *Paul v. W. Express, Inc.*, No. 20-cv-51, 2021 U.S. Dist. LEXIS 255142, at *8–12 (W.D. Va. Oct. 27, 2021); *Wai Feng Trading Co. v. Quick Fitting, Inc.*, No. 13-33, 2019 U.S. Dist. LEXIS 4113, at *26–27 (D. R.I. Jan. 7, 2019); *Kolas v. Wal-Mart Stores, Inc.*, No. 17-cv-1597, 2018 U.S. Dist. LEXIS 246745, at *2–3 (D. Nev. Mar. 23, 2018); *Miller v. Lemhi Cnty.*, No. 15-cv-156, 2018 U.S. Dist. LEXIS 34835, at *21 (D. Idaho Mar. 2, 2018); *Taylor v. AFS Techs., Inc.*, No. CV-09-2567, 2010 U.S. Dist. LEXIS 93664, at * 2 (D. Az. Aug. 18, 2021).

5

**Tardy Spoliation Motions**

Predictably, a—if not *the*—leading opinion regarding tardy spoliation motions was authored by Judge Paul Grimm (ret.): *Goodman v. Praxair Servs.*, 632 F. Supp. 2d 494 (D. Md. 2009). In *Goodman*, Judge Grimm made the critical point that spoliation motions should be "filed as soon as reasonably possible after discovery of the facts that underlie the motion." *Id.* at 508. In support of this axiomatic proposition, he listed several reasons why spoliation issues should be raised with the court as soon as practicable. These motions are fact intensive, can require extensive evidentiary hearings, can disrupt the timing of the rest of the case (with significant costs resulting to the parties and the court), and the remedy sought or provided can significantly affect the case. *Id.* at 508. Having decided many spoliation motions, the Court can attest that all of this is true. Judge Grimm also identified five factors courts should consider in determining if a spoliation motion is tardy. These factors are (1) "how long after the close of discovery the relevant spoliation motion has been made," (2) the "temporal proximity between a spoliation motion and motions for summary judgment," (3) whether the spoliation motion was made on the eve of trial, (4) whether a Rule 16 scheduling order or local rule set a deadline for filing spoliation motions, and (5) the moving party's explanation why the spoliation motion was not filed earlier. *Id.* at 506–08. The first factor was described as the "key." *Goodman*, 632 F. Fupp. 2d at 506. The second factor assumes that generally spoliation motions should be made *before* summary judgment motions are filed. *Id.* at 507.

6

Later, in *National Fair Housing All v. Bank of America, N.A.*, No. 18-1919, 2023 U.S. Dist. LEXIS 127334, at *13 (D. Md. Jan. 23, 2023), Judge Gallagher explicitly added prejudice as a sixth *Goodman* factor. Other courts have likewise focused on the lack of prejudice in determining that a spoliation motion was timely filed. *See, e.g.*, *O'Connor v. Ford Motor Co.*, 683 F. Supp. 3d 793, 796 (N.D. Ill. 2023) ("Whatever the merits of Ford's reasons for delay, Marino has not persuaded me that the delay was prejudicial to him or offered Ford a tactical advantage . . . .").

But implicit in some of the *Goodman* factors is the concept of prejudice. Take the summary judgment factor. Summary judgment motions are time consuming and expensive. *Martino v. Shakir*, 643 B.R. 203, 208 n.2 (N.D. Ill. 2022); *Wilson v. Chicago Transit Auth.*, No. 93 C 5461, 1994 U.S. Dist. LEXIS 2703, at *8 n.2 (N.D. Ill. Mar. 9, 1994). Indeed, this Court's summary judgment standing order makes that point clear. Standing Order on Summary Judgment Motions ("Summary judgment motions aren't cheap. Properly prepared summary judgment motions require extensive attorney time and client expense.") So, a spoliation motion that would have altered the Parties' briefs and the Court's ruling would result in significant wasted resources. Similarly, making a spoliation motion on the eve of trial can completely derail the scheduled trial, which—again—prejudices the non-movant, the court, and the other litigants who are seeking to have their actions resolved.

Other decisions have identified similar but slightly different factors. In *Long v. Howard Univ.*, 561 F. Supp. 2d 85, 91 (D.D.C. 2008), the court identified three

7

factors: (1) when the movant learned of the discovery violation, (2) how long the movant "waited before bringing it to the court's attention," and (3) whether discovery was completed by the time the motion was brought. Note that the second factor speaks to notifying the court of a potential spoliation motion—such as in a status report or status hearing. This factor doesn't demand that a motion necessarily be filed, but it does demand prompt notification of the issue.

But, regardless of the factors, the ultimate question in determining whether a spoliation motion is tardy is this: whether the requested relief sought was made without "unreasonable delay." *Promier Prods., Inc. v. Orion Cap. LLC*, No. 21 CV 1094, 2023 U.S. Dist. LEXIS 238493, at *12 (N.D. Ill. Dec. 22, 2023) (*citing Brandt v. Vulcan, Inc.*, 30 F.3d 752, 756 (7th Cir. 1994)).

Unquestionably, Groves' motion is not tardy. The Court's concern is that the motion is premature.

**Premature Spoliation Motions**

In addition to filing spoliation motions too late, counsel can also jump the gun and file them too early.

A common problem that results from premature spoliation motions is filing those motions when the movant doesn't have sufficient facts. For example—and this would seem obvious—a spoliation motion shouldn't be filed before discovery has been served and responded to. *James v. US Bancorp*, No. CV 18-1762, 2021 U.S. Dist. LEXIS 24707, at *18 (C.D. Cal. Feb. 5, 2021). But a more common example is filing spoliation motions under Rule 37(e) when the movant hasn't yet established

8

that the ESI can't be restored or replaced. *OlPriv. Couns., LLC v. Olson*, No. 21-cv-455, 2024 U.S. Dist. LEXIS 81502, at *16 (D. Utah May 13, 2024). The inability to restore or replace ESI is a prerequisite to obtaining relief under Rule 37(e). *DR Distribs.*, 513 F. Supp. 3d at 958; *see also Promier Prods., Inc. v. Orion Cap. LLC*, 708 F. Supp. 3d 1376, 1386 (N.D. Ill. 2023).

But once it's been established that the spoliated ESI can't be restored or replaced, other factors impact the appropriate timing of spoliation motions. For example, the existence and proximity of case management deadlines must be considered. Is fact discovery closed, or if it's about to close, how soon? Are amended pleadings still allowed? Has a trial date been set, and if so, how far in the future is that date? If the parties are still in pretrial discovery and not near the date for filing summary judgment motions, some courts might find a spoliation motion premature. *Paul v. W Express, Inc.*, No. 20-cv-51, 2021 U.S. Dist. LEXIS 255142, at *8–9 (W.D. Va. Oct. 27, 2021). This is particularly true if the summary judgment filing date is far in the future and no trial date is set. *Swindell Dressler Int'l Co. v. Travelers Cas. & Sur. Co.*, 827 F. Supp. 2d 498, 508 (W.D. Pa. 2011).

There are some excellent reasons for delaying a decision on alleged spoliation. "Federal courts have broad discretion in controlling their dockets. Courts also have a general duty to avoid deciding unnecessary issues. To that end, courts may sequence motion practice in an effort to avoid deciding unnecessary issues and will generally resolve trial related motions after it is clear that there will likely be a trial." *Kolas v. Wal-Mart Stores, Inc.*, No. 17-cv-1597, 2018 U.S. Dist.

9

LEXIS 246745, at *1–2 (D. Nev. Mar. 23, 2018) (cleaned up); *see also Playup, Inc. v. Mintas*, No. 21-cv-2129, 2024 U.S. Dist. LEXIS 21370, at *4–5 (D. Nev. Feb. 6, 2024). But the movant's desire to obtain a ruling that it can use as settlement leverage is not on the list of excellent reasons.

Another critical factor to consider is the likely remedy—whether it be a corrective measure or a sanction—that the moving party anticipates seeking. This factor goes to the core characterization of spoliation motions: Are spoliation motions discovery motions or evidentiary motions? The answer is that they *might* be *both*. Just as Federal Rule of Evidence 502 is an evidentiary rule and its major effect relates to discovery, so too Rule 37 is a discovery rule that can affect evidentiary matters. No doubt, spoliation motions are founded in discovery principles. After all, Rule 37(e) is a discovery rule. And spoliation issues—whether relating to ESI or tangible evidence—come to light during discovery because a party has sought relevant and proportional evidence that can't be produced because it was spoliated. But the remedy sought by the spoliation motion informs the consideration of the best time for the motion.

The range of remedies for spoliation of evidence falls within the vast discretion of the trial court. *DR Distribs.*, 2024 U.S. Dist. LEXIS 99866, at *33–34; Committee Notes, 2015 Amendments to Fed. R. Civ. P. 37(e). The remedies could range from relatively minor to nuclear. *DR Distribs.*, 2024 U.S. Dist. LEXIS 99866, at *33–-34. So, a party seeking to extend or re-open discovery should file a spoliation motion before discovery closes or as soon as possible thereafter. *Mid-*

10

*State Aftermarket Body Parts, Inc. v. MQVP, Inc.*, No. 03 CV 733, 2009 U.S. Dist. LEXIS 143050, at *11 (D. Ark. Apr. 27, 2009). Alternatively, if a party anticipates seeking evidentiary remedies, filing the spoliation motion before or with the summary judgment motion (provided that the court has previously been promptly notified) might make more sense. *Taylor v. AFS Techs., Inc.*, No. CV-09-2567, 2010 U.S. Dist. LEXIS 93664, at *2 (D. Az. Aug. 18, 2010). Or it might not.

For example, if the evidentiary sanction would affect the summary judgment briefing by seeking that certain facts be deemed admitted or that the spoliating party be barred from presenting evidence, then filing the spoliation motion before or with the summary judgment briefing would likely be the better approach. The same is true if the movant is seeking to strike claims or defenses. But if the spoliation motion wouldn't affect the summary judgment motion, then the better approach would likely be to defer the issue and motion until after the summary judgment motion is decided.

Additionally, if the spoliation motion seeks default or dismissal as a sanction, then it likely makes more sense to file the motion before the summary judgment motion. There's no sense wasting time and expense of the parties and the court addressing a summary judgment motion if a dispositive sanction will be imposed. Having said that, a reasonable district judge may want the spoliation motion and summary judgment motion filed simultaneously and then, after reviewing the filings, decide which to address first.

11

Moreover, another critical factor is whether an evidentiary hearing will be necessary to resolve factual disputes relating to the spoliation. This issue intersects with the previously identified critical factors of (a) having sufficient facts and (b) the remedy sought. Evidentiary hearings are anticipated by the rules. Committee Notes, 2015 Amendments to Fed. R. Civ. P. 37(e). Sometimes evidentiary hearings are helpful—and even necessary—but sometimes they are not. *See, e.g.*, *Stokes v. Cross*, 327 F.3d 1210, 1216 (D.C. Cir. 2003); *Whitten v. Johnson*, No. 19-cv-728, 2022 U.S. Dist. LEXIS 54178, at *18–19 (D. W.Va. Mar. 25, 2022); *Van Buren v. Crowford Cnty.*, No. 13-cv-14565, 2016 U.S. Dist. LEXIS 131151, at *1 (E.D. Mich. Mar. 26, 2016).

This Court has determined spoliation motions both with and without evidentiary hearings. Some judges might want to take up a spoliation issue at the final pretrial conference after they have been informed of the issue. *Sanchez v. Silbaugh*, No. 20-1005, 2023 U.S. Dist. LEXIS 227225, at *5 (W.D. Pa. Dec. 21, 2023). This Court recognizes that some other judges might want to simply take up a spoliation issue at trial while hearing evidence before deciding whether to give a jury adverse inference instructions because of a spoliation issue. *See, e.g.*, *Wai Feng Trading Co. v. Quick Fitting, Inc.*, No. 13-33, 2019 U.S. Dist. LEXIS 4113, at *24, 26–27 (D. R.I. Jan. 7, 2019); *Miller v. Lemhi Cnty.*, No. 15-cv-156, 2018 U.S. Dist. LEXIS 34835, at *20–21 (D. Idaho Mar. 2, 2018); *but see* n.2 *supra*. This Court would be wary of that approach.

Among other concerns, allowing one party to present evidence to the jury about the other party's failure to preserve evidence without also providing an instruction could result in serious Rule 403 problems. Fed. R. Evid. 403 (court may exclude relevant evidence if its probative weight is substantially outweighed by its unfair prejudice, confusion of the issues, misleading of the jury or wasting time). And simply instructing the jury to disregard the evidence of failing to preserve if an adverse inference instruction is *not* given is a hollow remedy. *Laudicina v. City of Crystal Lake*, 328 F.R.D. 510, 517–18 (N.D. Ill. 2018). Knowing which route the judge wants to take is key in determining when to file a spoliation motion that may need a more significant evidentiary basis. And the only way of knowing this is to ask the specific judge who will decide the motion.

Judges will want to consider these critical factors in determining when to address the spoliation issue. But they won't be able to consider the impact of these factors on the timing of the spoliation motion unless the parties inform *that judge* of the facts that affect these factors. So—again—have a conversation. There's a reason why Rule 16 allows judges to require parties to hold a conference with them before filing discovery motions. *See* Fed. R. Civ. P. 16(b)(3)(B)(v). Indeed, Magistrate Judge Tim Baker would cite to this motion as a prime example of a motion that wouldn't have been filed if a prefiling conference had occurred. In fact, as a general principle, spoliation motions are a good example of why those types of discussions can further the goals of Rule 1.

13

## ANALYSIS

As previously stated, the parties are still engaged in expert discovery as well as finishing up two fact depositions. Groves has not asserted that the alleged spoliation of various emails will hinder its ability to conduct expert discovery.

As Groves has raised the issue even before the close of fact discovery, there can be no doubt that it has timely identified the issue. What's more, the Court won't tolerate any grumbling by Shepperd about the timing of any renewed spoliation motion. There's no prejudice to Shepperd if the spoliation issue is decided later.

Critically, the relief sought by Groves' spoliation motion is a permissive adverse inference jury instruction. But there's a lot of work before this case gets to a jury trial. And there are off-ramps for this action before a jury trial, too. There's the possibility of settlement, for example. Additionally, there's the nearly obligatory motion for summary judgment.

So, instead of spending resources on Groves' motion at this time when they could be used elsewhere, the Court denies the motion without prejudice. After the close of all discovery, if any of the parties intend on moving for summary judgment, Groves can take up the issue with the Court during its summary judgment prefiling conference. And even then, if the spoliation issue will not affect the summary judgment briefing, the Court will defer the issue until resolution of any summary judgment motions. If Groves believes that the spoliation issue will affect any summary judgment briefing, it should inform the Court during the summary

judgment prefiling conference so that the issue can be addressed in the most efficient way. If the case bypasses the seemingly obligatory summary judgment process and proceeds directly to a jury trial, then the Court will address the issue of an adverse jury instruction by way of a motion *in limine* with the final pretrial order.

Groves can rest assured that it has not waived this issue. It has timely raised its concern about the spoliation of the emails and brought it to the attention of Shepperd and the Court. No party will be prejudiced by deferring the issue under the facts of this case, including the fact that the specific relief sought is a permissive adverse jury instruction. Instead, the parties, the Court, and other litigants seeking access to the Court's resources will benefit by holding the issue in abeyance until it needs to be decided.

Going forward, consistent with Rule 1, it would behoove parties to raise any spoliation concerns with the judge who is going to decide the spoliation motion. In this way, the judge can determine the best way to proceed before the parties engage in extensive briefing that might be unnecessary.

Having conducted this analysis about the timing of Groves' motion, the Court would be remiss if it didn't note that it has grave concerns about Shepperd's conduct about the emails that are "not accessible." There's a lot to be desired by his conduct and much that remains unexplained. And those few explanations that are provided are not particularly satisfactory or persuasive. If Shepperd didn't know this before, he is now on notice that the Court is more than willing to impose appropriate

15

sanctions for spoliation of ESI (and any other type of evidence), including adverse inference instructions and significant attorneys' fees, when they are available.

## CONCLUSION

Groves' motion for an adverse inference instruction under Rule 37(e) is denied without prejudice. The Court will take up the issue at the appropriate time, if it ever even needs to address it. Shepperd should give serious consideration regarding resolving this action without further court intervention. If Groves and Shepperd need help in this regard, Magistrate Judge Schneider can assist with a settlement conference.

Entered: November 22, 2024_   By:_____
                               Iain D. Johnston
                               U.S. District Judge