IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Groves Inc., <br><br> Plaintiff, <br><br> v. <br><br> R.C. Bremer Marketing Associates Inc. *et al.*, <br><br> Defendants. | Case No.: 3:22-cv-50154 <br><br> Judge Iain D. Johnston |

MEMORANDUM OPINION AND ORDER

\*\*\*

As the Court remarks from time to time, "It no longer gets paid to give legal advice." Instead, its job these days is more objective, determining only whether a party is legally right or wrong. So, the Court (mostly) stays silent when a party asserts seventeen counts, survives a motion for judgment on the pleadings, and still goes to the mat on one, seemingly inconsequential claim. Suffice it to say the Court may have taken a different route. This Court has repeatedly cautioned against blunderbuss pleadings, especially when there is a viable claim. *See, e.g.*, *Lesorgen v. Mondelez Glob., LLC*, 674 F. Supp. 459, 464 (N.D. Ill. 2023). But, alas, the Court isn't in the driver's seat.

\*\*\*

A few months ago, the Court partially denied Bremer's motion for judgment on the pleadings. Dkt. 280. However, it ordered Groves to explain why its Illinois Trade

1

Secrets Act (ITSA) claim didn't preempt its unjust enrichment one. Dkt. 281. Groves complied, dkt. 282, and Bremer (and Falk)[1] subsequently responded, dkt. 288. The Court construes Bremer's response as another motion for judgment on the pleadings. The Court assumes familiarity with the underlying factual allegations, but if one wants the bigger picture, see dkt. 280.

**Analysis**

Under these circumstances, a motion for judgment on the pleadings under Rule 12(c) is governed by the same standard as a motion to dismiss under Rule 12(b)(6). *Pisciotta v. Old Nat'l Bancorp.*, 499 F.3d 629, 633 (7th Cir. 2007). The complaint must contain only a "short and plain statement of the claim showing that the pleader is entitled to relief. F.R.C.P. 8(a)(2). It must give the defendant fair notice of what the claim is and the grounds upon which it rests. *Piscotta*, 499 F. 3d, at 633. The court draws all reasonable inferences and facts in the nonmovant's favor. *Wagner v. Teva Pharms. USA, Inc.*, 840 F.3d 355, 358 (7th Cir. 2016). The movant bears the burden of establishing a complaint's insufficiency. *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020).

The Court considers whether—at this time—it must dismiss Groves' unjust enrichment claim as preempted by the ITSA. "The [ITSA] is intended to displace conflicting tort, restitutionary, unfair competition, and other laws of this State providing civil remedies for misappropriation of a trade secret." 765 Ill. Comp. Stat.

---

[1] The Court refers to Bremer and Falk collectively as "Bremer."

Ann. 1065/8. The Act also preempts claims based on misappropriation of confidential information that doesn't technically meet trade-secret requirements. *ExactLogix, Inc. v. JobProgress, LLC*, 508 F. Supp. 3d 254, 268–69 (N.D. Ill. 2020) (citing *Spitz v. Proven Winners N. Am.*, 759 F.3d 724, 733 (7th Cir. 2014).

However, the ITSA "does not affect . . .other civil remedies that are not based on misappropriation of a trade secret." 765 Ill. Comp. Stat. Ann. 1065/8(b)(2). In other words, an unjust enrichment claim may proceed so long as it rests on a non-trade-secret-misappropriation theory. *See Am. Ctr. for Excellence in Surgical Assisting Inc. v. Cmty. Coll. Dist. 502*, 190 F. Supp. 3d 812, 823 (N.D. Ill. 2016) ("[The pertinent question, then, is whether those claims would stand even if the [information] was not alleged to be a trade secret.").

In its response to the Court's Order, Groves posits such theories. For example, according to Groves, Bremer effectively barred itself from representing Groves without ever disclosing that limitation. Groves lost business opportunities (a/k/a money) because Bremer didn't work on Groves' behalf, meanwhile Bremer itself earned commissions from Groves' primary competitor. Because none of that involves confidential information, Groves plausibly alleges a non-preempted unjust enrichment claim.[2]

---

[2] For good measure, Groves throws in a couple more theories, including "misuse of public images," and "intentional[ly] shifting [] customer orders." The Court doesn't assess those bases, because Groves only needs to identify one non-preempted avenue.

3

Bremer's reply boils down to: "You gave a different theory in your complaint, so it's too late now." Zeroing-in on the heading "Claim III: Unjust Enrichment," Bremer correctly notes that Groves grounded the claim in Bremer's "unauthorized use, disclosure, and retention of [Groves'] proprietary assets." Dkt. 162, pg. 37. As the Court hinted, ITSA undoubtedly preempts an unjust enrichment claim based on that theory.

But Bremer's argument fails for two reasons: First, Groves wasn't "required to plead legal theories at all." *In re Watts Coordinated Pretrial Proc.*, No. 19-CV-1717, 2022 U.S. Dist. LEXIS, at *10 (N.D. Ill. Oct. 14, 2022) (citing *Avila v. CitiMortgage, Inc.*, 801 F.3d 777, 783 (7th Cir. 2015) (cleaned up)). So, the Court won't punish Groves for getting the theory wrong. Moreover, to determine whether Groves asserts a sufficient unjust enrichment claim, the Court looks at the Complaint as a whole, "not the label given to each count." *Senalan v. Curran*, 78 F. Supp. 3d 905, 909 (N.D. Ill. 2015). When it does so, the Court finds ample support for an unjust enrichment claim. It's true Groves' response shuffles the Complaint's allegations, reorganizing them to now fit in a non-preempted unjust enrichment box. But the underlying allegations remain the same.[3] So, Bremer hasn't demonstrated that Groves' unjust enrichment claim is legally insufficient.

**Conclusion**

---

[3] Bremer argues that Groves adds new allegations in its response. The Court disagrees. Though Groves elaborates on the Complaint's allegations, providing deposition excerpts and discovery, that material only supplements the original filing. In any event, the Court would otherwise give Groves leave to amend, afflicting more headaches on all parties.

For the above reasons, the Court won't dismiss the unjust enrichment claim as preempted by the ITSA. Nevertheless, it encourages Groves' counsel to give some thought to what this claim adds. Contrary to popular belief, a party's economic recovery isn't proportional to the number of claims it raises. In fact, it might be inversely related. Though Groves can spin the allegations to support an unjust enrichment theory, it's tough to imagine how, consistent with Rule 11, it will simultaneously maintain breach of contract, misappropriation, and unjust enrichment claims without the remedies overlapping with each other. But we'll leave that for another day. Indeed, Rule 16 provides a procedure for winnowing claims. Fed. R. Civ. P. 16(c)(2)(A). What's more, none of what the Court has stated should be construed as endorsing Groves' practice. But unclear pleading and suspect litigation strategy don't necessarily result in dismissal.

Entered: March 19, 2025                                By:_____
                                                           Iain D. Johnston
                                                           U.S. District Judge